UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:13CV-650-H

HENRY LEE BUTLER, JR.                                                    PETITIONER

v.

COMMONWEALTH OF KENTUCKY                                                RESPONDENT

## MEMORANDUM OPINION AND ORDER

Petitioner, Henry Lee Butler, Jr., filed the instant 28 U.S.C. § 2254 petition for writ of
habeas corpus.  This matter is now before the Court for review of the petition in accordance with
Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  For the
reasons stated, the Court will direct Butler to show cause why his petition should not be
dismissed for failure to exhaust state-court remedies and as barred by the applicable statute of
limitations.

In his petition, Butler states that he pleaded guilty and was convicted in Jefferson Circuit
Court on November 19, 2009, of four counts of robbery in the second degree and one count of
burglary in the second degree.  He was sentenced to seven years imprisonment.  He states that he
did not file a direct appeal of his conviction.  Butler reports that he filed a motion to vacate the
judgment under Kentucky Rule of Criminal Procedure (RCr) 11.42, but does not state on what
date he filed the motion.  He further states in regards to the RCr 11.42 motion that he has "never
received a response from the circuit court, nor prosecuting attorney regarding the action at all.
It's been sixteen months and counting."

**I.**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective on April 24, 1996 and governs the filing date for the habeas application. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Butler did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Butler's conviction became final on December 21, 2009, at the expiration of the thirty-day period for filing an appeal. *See* RCr 12.04. Thus, he had until December 21, 2010, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack pending in state court. 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*,

256 F.3d 405, 408 (6th Cir. 2001). Butler does not state on what date he filed his RCr 11.42 motion. Therefore, this Court is not able to determine whether his motion tolled the statute of limitations. However, since Butler states that his RCr 11.42 motion was pending for sixteen months when he filed his § 2254 petition, it does not appear that he filed it before December 21, 2010, more than two years and five months before he filed his § 2254 petition.

Section 2254's one-year statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida,* 560 U.S. 631, __, 130 S. Ct. 2549, 2562 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Butler's petition does not make a showing as to either element.

Accordingly, based on the foregoing, it appears that Butler's § 2254 petition should be dismissed as barred by the applicable one-year statute of limitations. Before dismissing the action on this ground, however, the Court will provide him with an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198 (2006).

**WHEREFORE, IT IS ORDERED that within thirty (30) days from the entry of this Memorandum Opinion and Order, Butler must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed as barred by the applicable one-year statute of limitations. <u>Butler is WARNED that failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.</u>**

## II.

Should Butler be able to establish that the statute of limitations does not bar his habeas petition, the petition faces another obstacle. Because Butler states that his RCr 11.42 motion is still pending before the Jefferson Circuit Court, it is immediately apparent that the petition should be dismissed without prejudice for failure to allege exhaustion of available state remedies. A federal court may grant a writ of habeas corpus only after a petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 519 (1982); *Hannah v. Conley*, 49 F.3d 1193 (6th Cir. 1995). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124 (6th Cir. 1993). Because it appears that Butler's RCr 11.42 motion is still pending, federal habeas review is premature. If the state court fails to grant relief from the conviction, he may then refile a federal habeas petition, <u>if the one-year limitation period has not run</u>. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

However, before dismissing the petition for failure to exhaust, the Court will give Butler the opportunity to state whether his RCr 11.42 motion remains pending.

**WHEREFORE, IT IS ORDERED that within thirty (30) days from entry of this Memorandum Opinion and Order, Butler must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed for failure to exhaust his state-court remedies.**

**Butler is again WARNED that failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

Date:

cc:      Petitioner, *pro se*
4412.010