## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:13CV-650-H

**HENRY LEE BUTLER, JR.**                                   **PETITIONER**

**v.**

**COMMONWEALTH OF KENTUCKY**                          **RESPONDENT**

### MEMORANDUM OPINION

Petitioner, Henry Lee Butler, Jr., filed this *pro se* action pursuant to 28 U.S.C. § 2254

seeking a writ of habeas corpus.  The Court reviewed his petition under Rule 4 of the Rules

Governing Section 2254 Cases in the United States District Courts.  Upon review, the Court

directed Butler to show cause why his petition should not be dismissed as barred by the

applicable statute of limitations.[1]  Butler did not file a response to the Show Cause Order.  Upon

review, for reasons set forth below, the Court will dismiss the petition as untimely.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Butler pleaded guilty and was convicted in Jefferson Circuit Court on November 19,

2009, of four counts of robbery in the second degree and one count of burglary in the second

degree.  He was sentenced to seven years imprisonment.  He did not file a direct appeal of his

conviction.  Butler reports that he filed a motion to vacate the judgment under Kentucky Rule of

Criminal Procedure (RCr) 11.42, but does not state on what date he filed the motion.  He further

states in regards to the RCr 11.42 motion that he has "never received a response from the circuit

---

[1]The Court also directed Butler to show cause why his petition should not be dismissed for
failure to exhaust state-court remedies.  Since the Court is dismissing the petition based on the
statute of limitations, the Court declines to address the exhaustion issue.

court, nor prosecuting attorney regarding the action at all.  It's been sixteen months and

counting."

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective

on April 24, 1996 and governs the filing date for the habeas application.  *Washington v.*

*Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for

state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action
> in violation of the Constitution or laws of the United States is removed, if the
> applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the
> Supreme Court, if the right has been newly recognized by the Supreme Court and
> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could
> have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Butler did not file a direct appeal of his conviction.  Therefore, the

one-year limitations period began to run at "the expiration of the time for seeking such review."

28 U.S.C. § 2244(d)(1)(A).  Butler's conviction became final on December 21, 2009, at the

2

expiration of the thirty-day period for filing an appeal. *See* RCr 12.04. Thus, he had until

December 21, 2010, to file his petition for writ of habeas corpus in this Court unless there was a

time-tolling collateral attack <u>pending</u> in state court. 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*,

256 F.3d 405, 408 (6th Cir. 2001). While Butler does not state on what date he filed his RCr

11.42 motion, he states that his RCr 11.42 motion was pending for sixteen months at the time he

filed his § 2254 petition. Therefore, the Court concludes that he did not file it before

December 21, 2010, more than two years and five months before he filed his § 2254 petition, and

it was therefore not pending when the statute of limitations expired.

Section 2254's one-year statute of limitations is not jurisdictional and is subject to

equitable tolling. *Holland v. Florida*, 560 U.S. 631, __, 130 S. Ct. 2549, 2562 (2010).

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As the Sixth Circuit

repeatedly has held, equitable tolling of the AEDPA should be applied "sparingly." *Cook v.*

*Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Butler failed to respond to the Court's Show Cause Order or to otherwise meet his burden

in establishing that he satisfies the elements required for equitable tolling. Therefore, equitable

tolling is not appropriate in this case.

For these reasons, the Court concludes that this action is untimely. By separate Order,

the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Butler appeals this Court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further.  *Id.*  In such a case, no appeal is warranted.  *Id.*  This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

Date:

cc:     Petitioner, *pro se*
4412.010